**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA  94109
Tel. (415) 563-8583
Fax (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA  94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panos@panoslagoslaw.com

Attorneys for Plaintiff,
JASON NUSBAUM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON NUSBAUM**, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, AND DEMAND FOR JURY TRIAL** |
| vs. | |
| **CITY OF HAYWARD**, a municipal corporation, City of Hayward Police Department Officers **JOSHUA CANNON**, individually, and **ANTHONY CARRASCO**, individually, and **DOES 1** through **100**, jointly and severally, | 1. 42 U.S.C. § 1983 – Civil Rights Violations
2. 42 U.S.C. § 1983 – Municipal and Supervisory Liability |
| Defendants. | |

Plaintiff, JASON NUSBAUM ("Nusbaum"), by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and the LAW OFFICES OF PANOS LAGOS, for his Complaint against Defendants, states the following:

## INTRODUCTION

This case arises out of an incident in which Mr. Nusbaum called 9-1-1 with regards to a dispute he was having with his co-tenants at his place of residence, located at 28551 Starboard Lane, Hayward, California. CITY OF HAYWARD Police Officers, Defendants JOSHUA

CANNON ("Cannon") and ANTHONY CARRASCO ("Carrasco") of the Hayward Police Department ("HPD"), responded. Following the arrival of Defendant CANNON, Mr. Nusbaum was subjected to an unconstitutional arrest, and an unlawful use of force, in retaliation for the exercise of his right to freedom of speech.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. Venue is proper, pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES AND PROCEDURE

3. Plaintiff is a citizen of the United States and a competent adult.

4. At all times mentioned herein, Defendants City of Hayward Police Department Officers JOSHUA CANNON ("Cannon") and ANTHONY CARRASCO ("Carrasco"), and DOES 1 to 100, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with the City of Hayward Police Department ("HPD"), and acted under color of state law. The Defendants named above and DOES 1 to 100 are sued in their individual capacities.

5. Defendant CITY OF HAYWARD ("City" or "CITY") is a public entity, duly organized and existing under the laws of the State of California, and is the employer of the individual defendants named above.

6. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 to 100 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff

is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

7. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was, at all material times, responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

8. Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

9. The acts and omissions of all HPD Defendants,[1] as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the HPD or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were in lieu of polices, practices, and procedures that should have been in place.

10. At all material times, each HPD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

11. This complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

//

//

---

[1] Wherever "HPD Defendants" are referenced, both named and DOE Defendants are included.

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*Nusbaum v. City of Hayward, et al.*
USDC (N.D. Cal.) Case No.: _____   3

## GENERAL ALLEGATIONS

12.     Plaintiff re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

13.     On or about October 29, 2014, Nusbaum called 9-1-1 regarding a dispute contemporaneously occurring between himself and his co-tenants at his place of residence, in the City of Hayward. Pursuant to the call, Defendant Cannon appeared. Rather than inquiring as to the reasons for the 9-1-1 call, Cannon, while Nusbaum was in the front yard of the residence, i.e., on private property, demanded Nusbaum's identification, and ordered Nusbaum to sit down and stand up, which orders were obeyed by Nusbaum, who nevertheless questioned the propriety of the orders and Cannon's motivation for such orders.

14.     Cannon informed Nusbaum that he was being detained. Nusbaum objected to the remark made by Cannon to Nusbaum's friend to keep quiet, in response to which Cannon ordered Nusbaum to turn around, which order was obeyed. After turning around as ordered, Cannon grabbed Nusbaum's right arm while ordering Nusbaum to provide his other arm to Cannon, which order was also obeyed, following which Nusbaum was placed in handcuffs. Cannon searched Nusbaum's person over Nusbaum's express objection. Indeed, while expressly stating to Cannon that he was not consenting to a search, Nusbaum was searched, commencing with a pat-down of his upper body by Cannon, and culminating in Cannon's deliberate and wrongful placement of his hand **in** Nusbaum's **groin** area, **underneath** his pants.

15.     After Nusbaum objected to Cannon's unlawful conduct, he was walked to Cannon's patrol vehicle; he complied with orders to turn around, and was ordered to submit to a drug test, was accused of being on drugs, and was threatened with the loss of his driver's license if he did not comply with the drug test. During the course of these orders by Cannon, while at Cannon's patrol vehicle, Nusbaum stated to Cannon that he believed Cannon would deliberately "fail" Nusbaum. To this remark, Cannon angrily stated "fuck you[,]" which statement was immediately followed by an order to turn around and face the patrol vehicle, while handcuffed. Obeying this order and while still handcuffed, Cannon suddenly and violently performed a leg sweep, kicking Nusbaum's legs out from under him, causing Nusbaum to fall face-first onto the

ground. While face-first on the ground and handcuffed, Cannon yanked Nusbaum's arms from behind four times, lifting Nusbaum and letting him fall onto the ground, while **falsely** yelling "stop resisting"; this was an attempt to justify his unlawful use of force, given Cannon's knowledge that there was an audio recording of the incident. Cannon inflicted serious injuries on Nusbaum as a result of the unnecessary and inappropriate violence and force he perpetrated upon Nusbaum.

16. Nusbaum was taken by Cannon from the scene to a nearby hospital and, while there, Nusbaum's contact with HPD was taken over by Defendant Carrasco. Carrasco handcuffed Nusbaum in a deliberately painful fashion to a hospital bed, with Nusbaum's right arm behind him in an awkward fashion, and attempted to coerce Nusbaum into providing a urine sample; simultaneously or at or around this time, he threatened to make Nusbaum homeless and was threatening Nusbaum with negative consequences, if Nusbaum did not urinate as demanded. While there was no medical reason for Nusbaum to urinate, Carrasco continued with not only threatening Nusbaum, but also refusing to un-handcuff Nusbaum until Nusbaum was transported from the hospital to HPD, approximately **6** hours later. At HPD, after photographs of Nusbaum were taken, he was transported to the Santa Rita Jail. Nusbaum was ultimately released from the jail on October 31, 2014, at approximately 10:00 p.m., with no charges and without being required to post bail. No criminal charges were ever filed against Nusbaum by the Alameda County District Attorney's Office.

17. Nusbaum did not physically resist, insult, threaten, touch, batter, or assault any Defendant or fail to promptly obey any order at any time, but he repeatedly invoked his rights to freedom of speech, to object to the conduct of Cannon and Carrasco, and informed them that their actions were wrong and/or illegal, and that they would be reported to their superiors.

18. At all material times and, alternatively, the actions and omissions of each Defendant, were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights.

19. As a direct and proximate cause of each Defendant's acts and/or omissions as set forth above, Plaintiff suffered and sustained the following injuries and damages, past and future, including, but not limited to:

   a. Economic damages, including, but not limited to, out of pocket expenses, medical expenses, and a variety of other economic harms and losses;
   b. Severe emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, loss of liberty, loss of enjoyment of life, embarrassment, anger, frustration, annoyance, anxiety, and sleeplessness;
   c. Lifelong physical injuries;
   d. All other legally cognizable special and general damages;
   e. Violations of federal constitutional rights; and,
   f. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### -- 42 U.S.C. § 1983 --
### AGAINST DEFENDANTS CANNON, CARRASCO, AND DOES 1 TO 100

20. Plaintiff re-alleges, and incorporates by reference, the allegations contained in each and every paragraph above, as though fully set forth herein.

21. By the actions and omissions described above, Defendants CANNON, CARRASCO, and DOES 1 to 100 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

   a. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;
   b. The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;
   c. The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;
   d. The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;
   e. The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments; and,

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*Nusbaum v. City of Hayward, et al.*
USDC (N.D. Cal.) Case No.: _____                                          6

  f. The right to one's liberty in bodily integrity, as secured by the Due Process Clause. *Winston v. Lee*, 470 U.S. 753 (1985); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)).

22. The failure to intervene, prevent, or stop the constitutional violations on the part of any individually named Defendant HPD officers and/or DOE Defendants, and/or supervisors that were in a position to do so when any violations occurred, renders such Defendant(s) liable for any such violations.

23. Defendants' retaliatory exercise of discretion, and/or authority, by wrongfully invoking the awesome power of arrest and use of force (inter alia) in response to Plaintiff's expression of criticism and exercise of free speech, contravened Plaintiff's constitutional rights guaranteed by the First Amendment to the U.S. Constitution because the action would chill or silence a person of ordinary firmness from future First Amendment activity and Defendants' desire to cause the chilling effect was a but for cause of Defendants' action, for which Defendants are liable either directly or via their failure to intervene.

24. Any supervisors who failed to prevent the unconstitutional acts of any individually named or to-be-identified DOE Defendants and, thus, failed to properly supervise them, are liable directly and in their capacity as a supervisor.

25. The arrest, handcuffing, sexual groping, and the unreasonable and inappropriate force used on Nusbaum was done in violation of Plaintiff's federal constitutional rights, for which Defendants are liable either directly or via their failure to intervene. As a result, Plaintiff is entitled to damages, pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

26. As a proximate result of the foregoing wrongful acts, Nusbaum sustained injuries and damages, as set forth above, in ¶ 19. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

27. In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual

Defendants; no punitive damages are sought directly against the CITY OF HAYWARD.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – *Monell* and Supervisory Liability)
### AGAINST DEFENDANTS CITY OF HAYWARD and DOES 20-30

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

29. Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named HPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the HPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY OF HAYWARD and/or the HPD:

   a. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

   b. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as free speech rights and/or seizures of citizens and/or warrantless searches of persons and/or the use of force; and/or

   c. The policy, habit, custom, or practice of: "If you criticize us, assert your rights, or say something we do not approve of, you can be subjected to force, detained, arrested, and taken to jail, and we will seek to have you criminally prosecuted," pursuant to which if a person in the CITY OF HAYWARD criticizes an HPD peace officer, asserts their rights, or makes any other remarks that the HPD or an employee thereof disapproves of, the HPD will effectuate or proximately cause the arrest of such person and/or will use force on such person; pursuant to this policy, habit, custom, or practice, the HPD and/or the individual HPD employee will thereafter actively seek to secure the filing of a criminal charge against the person they wrongfully arrested or wrongfully subjected to force. The officer seeks the filing of such charges with the belief and hope that such charges will silence the person and, further, that a conviction will prevent the person from suing for the false arrest or, if they used excessive force, for the injuries that were wrongfully inflicted by the officer. Tolerating or condoning this policy encourages officers to violate the constitutional rights of the CITY's citizens and/or visitors; and/or,

   d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the

unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (c) above, when the need for such was obvious, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs.

30. In the alternative, upon information and belief, Defendant CITY OF HAYWARD may have instituted policies or training addressing some or all the topics listed above, but has, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

31. The above-described customs, policies, practices, and/or procedures of the HPD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

32. Prior to the violations set forth in the paragraphs above, Defendants CITY OF HAYWARD and/or DOES 20-30 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individually named Defendants, DOES 1-19, and any other personnel under each supervisor Defendant's supervision, including DOE Supervisors, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

33. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, and supervise; and, the toleration of wrongful conduct by Defendant CITY OF HAYWARD was a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

34. As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, polices, practices, and/or procedures of Defendant CITY OF HAYWARD and DOES 20-30, or the lack or inadequacy thereof, Plaintiff sustained serious and permanent injuries and damages, and is entitled to damages, penalties, costs, and attorneys' fees, as set forth above, in ¶ 19, and is entitled to punitive damages against the individually named Defendants, in

their individual capacities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2. Exemplary and punitive damages against the individual Defendants only, under 42 U.S.C. § 1983, in an amount according to proof and which is fair, just, and reasonable;

3. For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by federal law;

4. For attorney's fees and costs of suit under 42 U.S.C. § 1988; and,

5. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action on all claims for relief that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## INTRADISTRICT ASSIGNMENT

This action arose in the County of Alameda. Pursuant to Civil L.R. 3-2(c)(d), this action shall be assigned to the San Francisco Division or the Oakland Division.

Dated: October 28, 2016            **LAW OFFICE OF SANJAY S. SCHMIDT**
                                                     -and-
                                                     **LAW OFFICES OF PANOS LAGOS**


                                                     **/s/ Panos Lagos**
                                                     By: PANOS LAGOS
                                                     Attorneys for Plaintiff
                                                     JASON NUSBAUM

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*Nusbaum v. City of Hayward, et al.*
USDC (N.D. Cal.) Case No.: _____                                    10