**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA  94109
Tel. (415) 563-8583
Fax (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA  94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panos@panoslagoslaw.com

Attorneys for Plaintiff,
JASON NUSBAUM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON NUSBAUM**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF HAYWARD**, a municipal corporation, City of Hayward Police Department Officers **JOSHUA CANNON**, individually, and **ANTHONY CARRASCO**, individually, and **DOES 1** through **100**, jointly and severally, <br><br> Defendants. | Case No. 3:16-cv-06264-CRB <br><br> **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS ATTORNEYS OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES;** <br><br> **[Civ. L.R. 11-5]** <br><br> Date:  07/07/2017 <br> Time:  10:00 a.m. <br> Place:  Ctrm. 6, 17th Floor (San Francisco) <br> Judge: Hon. Charles R. Breyer <br><br> Complaint Filed: October 28, 2016 <br> Trial Date: None Set |

TO THE ABOVE ENTITLED COURT, THE PARTIES TO THE ACTION, AND THE ATTORNEYS OF RECORD FOR THE PARTIES:

PLEASE TAKE NOTICE THAT, on **July 7, 2017**, at **10:00** a.m., in **Courtroom 6**, on the **17th floor** of the **United States Courthouse**, at **450 Golden Gate Avenue**, **San Francisco**, **California**, **94102**, Plaintiff's attorneys, Sanjay S. Schmidt and Panos Lagos, under Civil Local Rule 11-5(a), and for good cause, will respectfully move to withdraw as attorneys of record for Plaintiff JASON NUSBAM based on the following grounds: the attorney-client relationship

between Plaintiff and his attorneys has completely broken down, it has become unreasonably difficult for Plaintiff's attorneys to carry out the employment effectively within the meaning of Rule 3-700(C)(1)(d) of the California Rules of Professional Conduct, Plaintiff's attorneys believe in good faith that this tribunal will find the existence of good cause for withdrawal under Rule 3-700(C)(6) of the California Rules of Professional Conduct, there are irreconcilable differences between Plaintiff and his attorneys, and based on any further information and grounds articulated at an *in camera* hearing, if necessary.

This motion will be based on the accompanying memorandum of points and authorities, the declarations filed herewith, and any grounds articulated, *in camera*, at the hearing on this motion.

Dated: June 1, 2017

LAW OFFICE OF SANJAY S. SCHMIDT
-and-
LAW OFFICES OF PANOS LAGOS

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
Attorneys for Plaintiff
JASON NUSBAUM

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### STATEMENT OF FACTS

The specific facts that give rise to this motion are privileged and are required to be kept confidential pursuant to California Business and Professions Code § 6068(e), rule 3-100(A) of the California Rules of Professional Conduct,[1] Rule 502 of the Federal Rules of Evidence, and Rule 26(b)(5) of the Federal Rules of Civil procedure. However, if the Court requires disclosure of additional or specific information to evaluate the good faith basis of – or to evaluate whether there is good cause to grant – this motion, the undersigned attorneys hereby respectfully request an *in camera* hearing, at which counsel can provide additional details to the Court, and at which Plaintiff can be given an opportunity to be heard. *See Manfredi & Levine v. Sup.Ct. (Barles)*, 66 Cal.App.4th 1128, 1136–1137 (1998), discussed *infra*.

### II.
### LEGAL STANDARD AND DISCUSSION

**A. The Notice Provision in Civil Local Rule 11-5(a) Has Been Satisfied.**

Under Rule 11-5(a) of this Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a); *Quintero v. Wells Fargo Bank, N.A.*, No. 13-cv-04937-JSC, 2015 U.S. Dist. LEXIS 1040, at *2-3 (N.D. Cal. Jan. 6, 2015) (citations omitted). Civil Local Rule 11-5 further provides that, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Here, the requirement in Civil Local Rule 11-5(a) that written notice be given in advance to the client and to all other parties who have appeared in the case has been satisfied. Declaration

---

[1] All further references to the Rules of Professional Conduct are to the California Rules of Professional Conduct, unless otherwise noted.

of Sanjay S. Schmidt (hereafter "Schmidt Dec.,"), ¶ 4. Notice was provided on May 15, 2017. *Ibid*. Thus, by the time this motion is heard, both the Plaintiff and the Defendants will have had about one month and twenty-two days of advance notice of this motion. *Id*.

> **B. An Analysis and Weighing of the Factors Considered by Courts Presented With Motions for Withdrawal Dictates that Withdrawal Should be Permitted Here.**

While "[a]n attorney may not withdraw as counsel except by leave of court[,]" *Darby v. City of Torrance,* 810 F. Supp. 275, 276 (C.D. Cal. 1992), the decision to permit withdrawal of counsel is within the trial court's discretion. *Quintero*, U.S. Dist. LEXIS, at *3 (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3-4 (N.D. Cal. Dec. 1, 2004) (citation omitted). "Courts ruling on motions to withdraw have considered, among other things, '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Quintero*, 2015 U.S. Dist. LEXIS at *3 (quoting *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004)); *Whitsitt v. Cty. of San Mateo*, No. C 10-04996 LB, 2012 U.S. Dist. LEXIS 103867, at *2-3 (N.D. Cal. July 25, 2012). "In this District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation." *Quintero*, 2015 U.S. Dist. LEXIS at *3 (citations omitted); *Whitsitt*, 2012 U.S. Dist. LEXIS at *3. Such standards include, but are not limited to, the California Rules of Professional Conduct.

Under California law, if counsel asserts a proper basis for withdrawal, for e.g., a conflict of interest, without further details because such details are confidential, a court need not require further disclosure. *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996). However, while an attorney cannot disclose confidential information in the withdrawal motion, a court is permitted to inquire into the good faith of an attorney in relation to a motion to withdraw. *Manfredi & Levine v. Sup.Ct. (Barles)*, 66 Cal. App. 4th 1128, 1133–1134 (1998). Nonetheless, if a court requires disclosure of additional information to demonstrate that there is good cause for the granting of the motion, counsel can request an *in camera* hearing to furnish to the court such details. *Manfredi & Levine*, 66 Cal. App. 4th at 1136-1137. At such an *in camera* hearing,

counsel can elaborate in general terms upon the issues for the court. *Ibid*. If an *in camera* hearing is held, the client must be given an opportunity to be heard. *Id*. at 1136.

### a. The reasons why withdrawal is sought establish good cause to grant leave.

The first factor a court considering a motion to be relieved considers is the reasons why withdrawal is sought. *Quintero*, 2015 U.S. Dist. LEXIS at *3 (citation omitted).

"The existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel[,] [citations,]" and "[a] conflict of interest is present when **'there has been an irreparable breakdown of the working relationship between counsel and client**.'" *Page v. Stanley*, No. 2:11-cv-02255-CAS (SSx), 2014 U.S. Dist. LEXIS 76363, at *4 (C.D. June 2, 2014) (quoting *Manfredi & Levine*, 66 Cal. App. 4th at 1135) (emphasis added). "Additionally, an attorney may seek to withdraw as counsel if the client 'renders it unreasonably difficult for the [attorney] to carry out the [representation] effectively.'" *Page*, 2014 U.S. Dist. LEXIS 76363, at *4 (quoting Cal. R. Prof. Conduct 3-700(C)(1)(d)). "Where . . . the duty not to reveal confidences prevent[s] counsel from further disclosure and the court accept[s] the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." *Page*, 2014 U.S. Dist. LEXIS 76363, at *5-6 n.3 (quoting *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996)). In *Page*, the court noted that the plaintiff's counsel had asserted that a breakdown in attorney-client communications had occurred, and that it had become "unreasonably difficult" for plaintiff's counsel to continue to represent plaintiff. *Page*, 2014 U.S. Dist. LEXIS 76363, at *4. The court found withdrawal for either of those reasons was appropriate and, as such, granted the motion to withdraw brought by plaintiff's counsel. *Page*, 2014 U.S. Dist. LEXIS 76363, at *4-5.

Here, the reasons why withdrawal is sought establish good cause for withdrawal. As was the case in *Page*, *supra*, the working, attorney-client relationship between Plaintiff and his attorneys has completely broken down, and it has become unreasonably difficult for Plaintiff's attorneys to carry out the employment effectively within the meaning of Rule 3-700(C)(1)(d) of the Rules of Professional Conduct. Schmidt Dec., ¶¶ 5-8; Declaration of Panos Lagos (hereafter "Lagos Dec.,"), ¶¶ 5-8. Plaintiff's attorneys believe, in good faith, that this tribunal will find the

existence of good cause for withdrawal under Rule 3-700(C)(6), and there are irreconcilable differences between Plaintiff and his attorneys. *Ibid*. These developments constitute good cause because, "[i]n [the Northern] District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation." *Quintero*, 2015 U.S. Dist. LEXIS at *3 (citations omitted); *Whitsitt*, 2012 U.S. Dist. LEXIS at *3.

However, the specific facts that form the basis for these reasons are privileged and, as such, must be kept confidential pursuant to California Business and Professions Code § 6068(e), rule 3-100(A) of the California Rules of Professional Conduct, Rule 502 of the Federal Rules of Evidence, and Rule 26(b)(5) of the Federal Rules of Civil procedure. The undersigned counsel respectfully submit that the good faith representations in the attached, supporting declarations sufficiently establish good cause for withdrawal. *See Page*, 2014 U.S. Dist. LEXIS 76363, at *5-6 n.3; Schmidt Dec., ¶¶ 5-8; Lagos Dec., ¶¶ 5-8. Nevertheless, in the event that this Court seeks further information to ascertain the good faith basis for this motion, to address the question of whether good cause for withdrawal exists, or otherwise requires clarification or additional facts, counsel respectfully request that the court hold an *in camera* hearing outside of the presence of all other parties, so that facts demonstrating good cause for this withdrawal may be related to the Court. *Manfredi*, 66 Cal.App.4th at 1136-1137. Plaintiff must be permitted to attend, and have an opportunity to be heard at, any such hearing, too. *Ibid*.

In sum, this factor balances solidly in favor of the granting of leave for withdrawal because the reasons articulated by the undersigned counsel justify the requested relief.

      **b. <u>Withdrawal will cause no prejudice to other litigants.</u>**

The second factor considered is the prejudice withdrawal may cause to other litigants. *Quintero*, 2015 U.S. Dist. LEXIS at *3 (citation omitted).

In this case, the other litigants will suffer no prejudice if withdrawal is permitted. This case is still in the early stages of discovery: each side has exchanged one round of written discovery, and no depositions have been taken yet. Schmidt Dec., ¶ 9a. Furthermore, no trial date has yet been set. Schmidt Dec., ¶ 9b. Thus, there will be ample time prior to trial for all parties to

conduct the entirety of the discovery they need to conduct, to hold a Settlement Conference once either new counsel for Plaintiff substitutes in, or once Plaintiff substitutes in In Propria Persona; and; there will be ample time for dispositive motions to be litigated and for all parties to prepare for trial.

Therefore, no prejudice to other litigants will result from withdrawal, so this factor also weighs in favor of the granting of this motion.

### c. **Withdrawal will not cause harm to the administration of justice.**

A Court considering a motion to withdraw also considers the harm withdrawal may cause to the administration of justice. *Quintero*, 2015 U.S. Dist. LEXIS at *3 (citation omitted).

Here, the undersigned counsel respectfully submits that withdrawal will not cause harm to the administration of justice. On the contrary, based on the reasons for withdrawal and the early stage that the case is in, *see* Schmidt Dec., ¶¶ 5-9; Lagos Dec., ¶¶ 5-9, permitting withdrawal would advance the interests of justice far more than it would harm the administration of justice. *See, e.g.*, *Page*, 2014 U.S. Dist. LEXIS 76363, at *4-5 (granting motion for withdrawal even <u>after</u> the litigation of summary judgment motions).

Accordingly, this factor, likewise, weighs in favor of permitting withdrawal.

### d. **Withdrawal will not delay the resolution of the case to an unacceptable degree because discovery is in the early stages, and no trial date has been set.**

A Court considering a motion to withdraw also considers the degree to which withdrawal will delay the resolution of the case. *Quintero*, 2015 U.S. Dist. LEXIS at *3 (citation omitted).

In this case, resolving this case while the present circumstances exist would not be appropriate, as demonstrated by the reasons for withdrawal – set forth about in § (a) and in the attached declarations– including, but not limited to: the breakdown of the attorney-client relationship between Plaintiff and his attorneys, the fact it has become unreasonably difficult for Plaintiff's attorneys to carry out the employment effectively, and the fact there are irreconcilable differences between Plaintiff and his attorneys. Schmidt Dec., ¶¶ 5-8; Lagos Dec., ¶¶ 5-8. Furthermore, withdrawal will not delay the resolution of the case to a degree that would dictate against withdrawal because discovery is in the early stages, and no trial date has yet been set. Schmidt Dec., ¶ 9; Lagos Dec., ¶ 9.

This factor, consequently, also weighs in favor of granting leave for withdrawal.

    **e. If this motion is granted, the Court should afford Plaintiff at least 90-120 days to secure replacement counsel.**

If the Court grants the instant motion, the undersigned counsel respectfully request that the Court give Plaintiff at least 90-120 days to make efforts to secure replacement counsel. Further, an address at which notices can be sent to Plaintiff will be provided either at the hearing on this motion, or will thereafter be provided by a set deadline to be determined at the hearing.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's counsel respectfully submit that good cause exists for the granting of this motion. However, if the Court, on reviewing the attached declarations, determines good cause has not been shown, or requires further elaboration, Plaintiff's counsel request an *in camera* hearing, at which counsel can furnish additional details and facts. Plaintiff must be permitted to be heard at such a hearing. For the foregoing reasons, the Law Office of Sanjay S. Schmidt and the Law Offices of Panos Lagos respectfully request that the Court permit them to withdraw, substituting in any substitute counsel that may have been secured by the time of the hearing, or substituting in the Plaintiff, In Propria Persona, while granting Plaintiff sufficient time to secure replacement counsel.

Respectfully Submitted,

Dated: June 1, 2017

**LAW OFFICE OF SANJAY S. SCHMIDT**
-and-
**LAW OFFICES OF PANOS LAGOS**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
Attorneys for Plaintiff
JASON NUSBAUM